UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN SAYE d/b/a GASTONIAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:14-CV-202-M |
| | § | |
| FIRST SPECIALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Venue, and Partial Motion to Dismiss Pursuant to FRCP 9(b). [Dkt. No. 8]. For the following reasons, Defendant's Motion is **GRANTED in part**.

### I. BACKGROUND

Plaintiff Stephen Saye ("Plaintiff") initially filed this action against Defendant First Specialty Insurance Company ("Defendant") in the 101st Judicial District Court of Dallas County, Texas. In his Complaint, Plaintiff alleges causes of action against Defendant based on a coverage dispute under an insurance policy (the "Policy") issued by Defendant, under which Plaintiff is an additional insured. *See* Def.'s Mot., App. at 184, 374; *see also* Def.'s Reply at 1.

Defendant timely removed the state court action to this Court. Plaintiff has not moved to remand and does not otherwise challenge the Court's jurisdiction.[1] Defendant moves to dismiss Plaintiff's Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 or, alternatively, to transfer this case to the United States District Court for

---

[1] The Court concludes that it has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

the Southern District of New York pursuant to 28 U.S.C. §§ 1406(a) and 1404(a). Defendant further moves to dismiss part of Plaintiff's Complaint for failure to state a claim. Because this Court dismisses Plaintiff's Complaint under the *forum non conveniens* doctrine, as described herein, it does not reach Defendant's remaining arguments.

## II. SUMMARY OF ARGUMENT

Defendant argues that this case should be dismissed or transferred based on the forum-selection clause contained in the Policy, which states:

> Applicable Law; Court Jurisdiction . . . The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York, and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.

Def.'s Mot., App. at 9-10. Thus, Defendant argues that venue is "wrong" or "improper" based solely on the forum-selection clause; it does not otherwise appear to challenge venue under 28 U.S.C. § 1391(b).[2]

In support of its argument that this case should be dismissed or transferred pursuant to Rule 12(b)(3) and/or 28 U.S.C. §§ 1404(a) and 1406(a), Defendant cites extensively to the Supreme Court's recent decision in *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, — U.S. —, 134 S. Ct. 568 (2012). In doing so, however, Defendant fails to acknowledge the instruction given by the Supreme Court on the grounds upon which Defendant now seeks dismissal or transfer.

In *Atlantic Marine*, the Supreme Court held that the question of whether venue is

---

[2] 28 U.S.C. § 1391(b) provides that a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

"wrong" or "improper" is generally governed by 28 U.S.C. § 1391. *Id.* at 577. "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id.* Consequently, regardless of whether a forum-selection clause applies, "a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." *Id.* Rather, where a party seeks to enforce a forum-selection clause "point[ing] to a particular [federal] district," it must employ Section 1404(a), while the "appropriate mechanism" for enforcing a forum-selection clause "pointing to a state or foreign forum" is a motion to dismiss on *forum non conveniens* grounds. *Id.*

> Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer. . . . And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.

*Id.* at 580 (internal citations omitted).

The Policy's forum-selection clause "points to" a nonfederal forum—*i.e.*, "the Courts of the State of New York." Def.'s Mot., App. at 9-10.[3] Thus, as Defendant contests venue only on

---

[3] To the extent that Defendant argues that the forum-selection clause mandates venue in either New York state or federal courts, the Court disagrees and, thus, does not evaluate Defendant's Motion pursuant to Section 1404(a). *See supra* at 3-4. The clause at issue in this case is substantively similar to that in *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396, 397-398 (5th Cir. 2003). In *Dixon*, the Fifth Circuit affirmed a district court's conclusion that a forum-selection clause mandated that all disputes be litigated in state, rather than federal court, where it stated that: *"The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise." Id.* at 397. Like the district court, the Fifth Circuit concluded that the word "of," as used therein, was "used as a function word to indicate belonging or possessive relationship," and that "the federal courts of the Eastern District of Texas are not courts *of* Texas because they do not belong to Texas, but rather are courts *of* the United States." *Id.* at 397-98. Consequently, the Fifth Circuit held that the district court properly found venue to lie in state court because, although "[f]ederal district courts may be *in* Texas," they "are not *of* Texas." *Id.*

the basis of the forum-selection clause, it should have moved to dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens*. Nevertheless, because Defendant has moved to dismiss this case pursuant to the forum-selection clause, and because both parties have also briefed the relevant issues under Section 1404(a), rather than unnecessarily delay these proceedings, the Court will construe Defendant's Motion to Dismiss under Rule 12(b)(3) and Section 1406(a) as one seeking dismissal on *forum non conveniens* grounds. *See PNC Bank, N.A. v. Akshar Petroleum, Inc.*, No. 3:13-CV-436, 2014 WL 1230689, at *3 (M.D. Fla. March 25, 2014) (same).

### III. LAW

To determine whether this action should be dismissed on *forum non conveniens* grounds, this Court utilizes the same balancing-of-interests standard used to resolve motions to transfer brought under Section 1404(a). *See Atl. Marine*, 134 S. Ct. at 580 ("[C]ourts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.").

In those cases where there is no forum-selection clause, district courts considering Section 1404(a) or *forum non conveniens* motions "must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 581. In these situations, the district court weighs the relevant factors and determines whether "a transfer would serve 'the

---

Here, too, the Policy's clause uses the possessive term "of" when mandating that exclusive jurisdiction shall lie in the courts *of* the State of New York. The clause does not state that such jurisdiction shall, instead, lie in the courts *in* the State of New York. The clause in this case is, therefore, different from the forum-selection provisions in *LeBlanc v. C.R. England, Inc.*, which Judge Boyle held to "point to" either federal or nonfederal forums. *See* 961 F. Supp. 2d 819, 829 (N.D. Tex. 2013) (holding that provisions mandating litigation in the "State of Utah" allowed for venue in either Utah federal or state courts, because, among other reasons, the provisions "made no reference whatsoever to 'state courts'").

convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* (citing § 1404(a)). Where, however, a valid forum-selection clause exists, "[t]he calculus changes" to "represent[] the parties' agreement as to the most proper forum" and "protect[] their legitimate expectations . . . ." *Id.* (internal citation and quotation marks omitted).

A valid forum-selection clause obligates district courts to adjust their *forum non conveniens* analysis in three ways. *Id.* "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that [having to refile] in the forum for which the parties bargained is unwarranted." *Id.* Second, the Court "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 582. Instead, the private-interest factors must be held to weigh wholly in favor of the preselected forum. *Id.* "Third . . . when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum" this may, in some circumstances, affect public-interest considerations based on choice-of-law rules. *Id.* However, "when [the filing of a case in a different jurisdiction] stems from enforcement of a forum-selection clause . . . [t]he court in the contractually selected venue should not apply the law of the [initial] venue to which the parties waived their right." *Id.* at 583.

Thus, forum-selection clauses should be "given controlling weight in all but the most exceptional cases." *Id.* at 579. Here, that precept requires dismissal, unless "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor" enforcement of the contractual choice of forum. *Id.* at 575.

IV. ANALYSIS

    1. **<u>The Policy's Forum-Selection Clause is Mandatory[4]</u>**

Before this Court decides whether dismissal on *forum non conveniens* grounds is appropriate, it must first decide the threshold question of whether the Policy's forum-selection clause is mandatory or permissive.

"Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory." *Von Graffenreid v. Craig,* 246 F. Supp. 2d 553, 560 (N.D. Tex. 2003) (Kaplan, M.J.). Merely consenting to jurisdiction in one forum does not operate to waive the right to have an action heard in another forum. *Aerus, LLC v. Pro Team, Inc.*, No. 3:04-CV-1985, 2005 WL 1131093, at *4 (N.D. Tex. May 9, 2005) (Lynn, J.). "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that

---

[4] The Court assumes that the forum-selection clause is *prima facie* valid, as Plaintiff makes no real attempt to argue that enforcement of the forum-selection clause would be unreasonable under the circumstances. At most, Plaintiff argues in a single sentence, without any supporting analysis, that "[e]nforcement of this forum-selection clause would be unreasonable or unjust." Pl.'s Resp. at 3. To the extent that Plaintiff argues that enforcement of the forum-selection clause is unreasonable because Plaintiff is a non-signatory and because Plaintiff never received a copy of his insurance policy or notice of the forum-selection clause prior to Defendant's Motion, the Court finds such arguments unavailing.

The fact that Plaintiff may be a non-signatory does not mean that Plaintiff is not bound by the clause. *See infra* at 7-8. Moreover, this Court finds Plaintiff's assertion that he "never received a copy of [his] insurance policy," *see* Pl.'s Resp. at 6, which contains the forum-selection clause, very peculiar. Plaintiff filed suit against Defendant on the basis of this Policy and, among other things, alleges in his Complaint that Defendant failed to "adequately compensate Plaintiff" for his losses "under the *terms* of the [P]olicy." Def.'s Notice of Removal, App. at 10-28 (emphasis added). Plaintiff further identifies in his Complaint, the Policy Number, Insured, Insurer, and Insured Property. *See id*. Thus, Plaintiff has either seen the Policy, or somehow divined the terms under which he claims Defendant is liable. Consequently, Plaintiff has not met his "heavy burden" of proving that the presumption of enforceability should be overcome. *See Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (internal citation omitted). Even were this Court to believe Plaintiff's seemingly improbable claim that he filed suit against Defendant— for damages in excess of $1,000,000.00—without first having seen the Policy, Def.'s Notice of Removal, App. at 11, the Court would still reject this argument as a basis not to enforce the forum-selection clause. *See Bancroft Life & Cas. ICC, Ltd. v. FFD Res. II, LLC*, 884 F. Supp. 2d 535, 556-58 (S.D. Tex. 2012).

jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). While it is unnecessary for a forum-selection clause "to use the word 'venue' or 'forum,' it must do more than establish that one forum will have jurisdiction." *Id.* "[W]here venue is specified [in a forum-selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum-selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Aerus*, 2005 WL 1131093, at *4 (internal citation and quotation marks omitted).

Under this framework, it is clear that the Policy's forum-selection clause is mandatory, because it demonstrates an unmistakable intent to make venue exclusive in the "Courts of the State of New York." Def.'s Mot., App. at 9-10. Not only does the clause state that the "parties *irrevocably* submit to the *exclusive* jurisdiction of the Courts of the State of New York," but also that the parties further "*expressly waive* all rights to challenge or otherwise limit such jurisdiction." *Id.* (emphasis added). Thus, the clause demonstrates that for disputes arising under, or in connection with the Policy (or a party's conduct and duties relating thereto), as do those here,[5] jurisdiction lies exclusively in the state courts of New York.

## 2. **Plaintiff is Bound by the Policy's Forum-Selection Clause**

Plaintiff argues that, even if the Policy's forum-selection clause is mandatory, it is inapplicable to him because he is a non-signatory. Plaintiff's argument fails. Although the Policy was issued to 5 Star Properties, Plaintiff is an additional insured under the Policy and

---

[5] For this reason, the Court rejects Plaintiff's argument that the forum-selection clause "appears only to require a breach of contract claim to be heard in New York." Pl.'s Resp. at 5. The Policy's forum-selection clause mandates jurisdiction in New York state courts for all of Plaintiff's claims, as they relate to Defendant's alleged actions (or failure to act) in connection with the Policy and in handling Plaintiff's claim made thereunder.

seeks recovery in this suit for a loss suffered in connection with an allegedly covered property. *See, e.g.*, Def.'s Notice of Removal, App. at 10-13 (Pl.'s Compl.):

> Plaintiff was the owner of the Policy issued by Defendant. Plaintiff owns the insured property. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue. . . . Defendant improperly paid Plaintiff's claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. . . . Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although [it] was aware of [its] liability to Plaintiff under the policy.

Plaintiff cannot seek to embrace the benefits of the Policy, while simultaneously rejecting those terms of the Policy that he does not like. Plaintiff is bound by the Policy's forum-selection clause under the doctrine of direct-benefits estoppel. "The doctrine applies to non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the [forum-selection] clause in the contract." *See Quality Custom Rail & Metal, LLC, v. Travelers Cas. & Sur. Co. of Am.*, No. 3:13-CV-3587, 2014 WL 840046, at *3-4 (N.D. Tex. March 4, 2014) (Fitzwater, C.J.) (finding a non-signatory to a surety bond bound by the forum-selection clause contained therein, where the non-signatory sought and obtained a direct benefit from the bond); *see also Bancroft*, 884 F. Supp. 2d at 550, 558-60 (finding an "additional insured" bound by the forum-selection clause); *Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517-20 (5th Cir. 2006).

### 3. There are No Extraordinary Circumstances Unrelated to the Convenience of the Parties that Disfavor Dismissal

Having concluded that there is a valid, enforceable forum-selection clause, the Court must now determine whether "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor" dismissal of this action in favor of its refiling in New York. *Atl. Marine*, 134 S. Ct. at 575. Plaintiff does not make any meaningful attempt to show that extraordinary

circumstances exist here. Indeed, Plaintiff fails to present any evidence that refiling this suit in New York will result in any disadvantage to him, including with respect to the application of New York's choice of law rules.[6] Plaintiff also fails to make any showing that the public-interest factors mandate venue in this Court. He has, therefore, failed to satisfy his burden of "showing that public-interest factors overwhelmingly disfavor" the dismissal of this action subject to its refiling in the proper forum. *See id.* at 583 (concluding that the district court "improperly placed the burden on [defendant] to prove that transfer to the parties' contractually preselected forum was appropriate," and finding that the party resisting application of the forum-selection clause bears the burden of demonstrating that the public-interest factors disfavor transfer).

Plaintiff has, thus, not demonstrated that this Court should maintain this action notwithstanding the Policy's forum-selection clause, and the Court otherwise finds no extraordinary circumstances that would compel such a result.

V. CONCLUSION

For the foregoing reasons, the Court determines that Defendant's Motion should be **GRANTED** only to the extent that it construes Defendant's Motion to Dismiss under Rule 12(b)(3) and 28 U.S.C. § 1406(a) as a Motion to Dismiss for *forum non conveniens*, and **DISMISSES** Plaintiff's Complaint **without prejudice** to refiling in a state court in New York.

SO ORDERED.

April 9, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[6] The Policy provides that "[t]he laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement." Def.'s Mot., App. at 9.